## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LAWRENCE T. NEWMAN** and
**BEVERLY R. NEWMAN,**

   Plaintiffs,

v.

**HERITAGE VILLAGE WEST CONDOMINIUM**
**ASSOCIATION, INC.** and

**PATTI MARTIN,** in her individual capacity and in
her official capacity as former President and as a Board
member of the Heritage Village West Condominium
Association, Inc., and

**ROBIN PARKER,** in her individual capacity and in
her official capacity as an Officer and as a Board member
of the Heritage Village West Condominium Association,
Inc.,

   Defendants.

_____/

Case No. _____

8:21 CV 813 MSS-SPF

**JURY TRIAL**
**REQUESTED**

### COMPLAINT AND DEMAND FOR JURY TRIAL

   Plaintiffs LAWRENCE T. NEWMAN, *Pro Se*, and DR. BEVERLY

R. NEWMAN, *Pro Se* (collectively, the "NEWMANS"), allege as follows:

   1.  This is an action under:

     (1) the federal Fair Housing Act, for:

TKA-63565
# 402.00

1

(a) discrimination and conspiracy to discriminate in the provision of services or facilities in connection with a dwelling in violation of 42 U.S.C § 3604(b) and coercion, intimidation and threatening or interfering with rights granted by the federal Fair Housing Act pursuant to 42 U.S.C. §3617;

(b) for retaliation prohibited by 42 U.S.C. § 3604 and § 3617;

(2) the Florida Fair Housing Act, Fla. Stat. §§760.20 - 760.37; and

(3) the Code of Laws Manatee County, Florida, Consisting of: Local Laws Compilation Manatee County Code of Ordinances, Chapter 2-17, Housing ("Ordinance").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 42 U.S.C. § 3612(o), 42 U.S.C. § 3613(a)(t)(a), l8 U.S.C § 1964(c), and 28 U.S.C. § 1331, relative to the federal Fair Housing Act claims.

3. All of the alleged conduct occurred within the boundaries of the Middle District of Florida, Tampa Division, so venue in this Court is proper.

## PARTIES

4.    Plaintiffs LAWRENCE T. NEWMAN and BEVERLY R. NEWMAN, Ed.D. (collectively, the "NEWMANS"), are aggrieved persons within the meaning of the federal Fair Housing Act, §§ 760.20-760.37, Fla. Stats., and the Manatee County Code of Ordinances.  The NEWMANS are residents of Manatee County.  The NEWMANS at all relevant times were residents of a "dwelling" in the Heritage Village West Condominiums of Manatee County, within the meaning of the requirements of 42 U.S.C. § 3602(b).

5.    Defendant, HERITAGE VILLAGE WEST CONDOMINIUM ASSOCIATION, INC. ("HVW"), at all relevant times was located at 6100 66th Street Circle West, Bradenton, Florida, 34209, in Manatee County, was a condominium association pursuant to Florida law, and was subject to the requirements of the federal Fair Housing Act, the Florida Fair Housing Act, and the Manatee County Code of Ordinances.

6.    Defendant, PATTI MARTIN ("MARTIN"), is sued in her personal capacity as well as in her official capacity as a member of the Board of Directors of HVW and as the former President of HVW.  MARTIN at all relevant times was a resident of Heritage Village West Condominiums, in Manatee County, Florida.  MARTIN at all relevant times was acting on

her own behalf individually and also on behalf of, and within the scope of, her duties as an Officer and Director of HVW.  MARTIN is also subject to the requirements of the federal Fair Housing Act, the Florida Fair Housing Act, and the Manatee County Code of Ordinances.

7.     Defendant, ROBIN PARKER ("PARKER"), is sued in her personal capacity as well as in her official capacity as an Officer of HVW and as a member of the Board of Directors of HVW.  PARKER at all relevant times was a resident of Heritage Village West Condominiums, in Manatee County, Florida.  PARKER at all relevant times was acting on her own behalf individually and also on behalf of, and within the scope of, her duties as an Officer and Director of HVW.  PARKER is also subject to the requirements of the federal Fair Housing Act, the Florida Fair Housing Act, and the Manatee County Code of Ordinances.

8.     All named Defendants had essential and intertwined roles in the decision regarding the matters and issues that are in violation of the federal Fair Housing Act, the Florida Fair Housing Act, and/or the Manatee County Code of Ordinances.

## BACKGROUND FACTS

9.     Plaintiff Dr. Beverly Newman is the daughter of Al Katz, a Holocaust Survivor of seven years of brutal slave labor.  Plaintiff Lawrence

Newman is the son-in-law of Al Katz and the husband of Plaintiff Beverly Newman. Al Katz, Dr. Beverly Newman, and Lawrence Newman are/were identifiably Jewish. The NEWMANS are Orthodox Jews.

10. Dr. Beverly Newman is an author and public speaker. Lawrence and Beverly Newman are the founders and Directors of the only Jewish agency based in Manatee County other than a few small synagogues. See attached articles. Al Katz was a beloved Holocaust educator in and around Manatee County.

11. Dr. Beverly Newman is officially recognized by the State of Florida as a **chemically-disabled person** on the Florida "Registry of Persons Requiring Prior Notification of the Application of Pesticides," which statutorily requires Dr. Newman to receive advance notifications of all exterior pesticide applications at Heritage Village West Condominiums.

12. For many decades, Dr. Beverly Newman has suffered chronic, permanent, progressive disabilities of asthma, severe allergies, and chemical sensitivities. Due to her permanent disabilities, Dr. Newman must avoid (unseen) exposures to, *inter alia*, toxic chemicals, including pesticides, insecticides, herbicides, fertilizers, termiticides, rodenticides, and paints.

13. In 1984, Al Katz purchased condominium Unit 4102 at Heritage Village West Condominiums in Bradenton, Florida, known as 4102

66th Street Circle West, Bradenton, Florida  34209 ("Unit 4102").  From 1984 through the present, Al Katz was and is the sole record owner of Unit 4102 within the meaning of **Fla. Stat. § 718.103(28)**.

14.    Heritage Village West Condominiums Unit 4102 is sited **immediately adjacent to** HVW's office, clubhouse, outdoor swimming pool, and recreational center, with **full visibility** from all of said locations to view the yard and exterior premises of Unit 4102 at all times of the day and night from 1984 through the present.

15.    The NEWMANS have never had an ownership interest in Heritage Village West Condominiums Unit 4102.

16.    Al Katz resided in Indianapolis, Indiana, since his immigration to the United States in 1946 and was a snowbird since 1984, spending winters at his Heritage Village West Condominiums Unit 4102 until age 90 when he passed away in Unit 4102.

17.    After his purchase of Heritage Village West Condominiums Unit 4102, Al Katz authorized his daughter Beverly Newman and his son-in-law Lawrence Newman to stay at his Heritage Village West Condominiums Unit 4102 condominium without any payment due to their close familial relationship.

18.     Since 2002, Beverly Newman and Lawrence Newman personally cared for Al Katz at Unit 4102 and other locations without remuneration when his medical or health conditions required assistance.

19.     In September 2009, while Al Katz was staying in his Heritage Village West Condominiums Unit 4102 in Florida and the NEWMANS were living in their home in Indianapolis, Indiana, Al Katz was put into an involuntary professional guardianship in Manatee County, Florida, becoming deathly ill therein.

20.     Immediately upon learning of their father's involuntary guardianship, the NEWMANS left Indianapolis for Bradenton, Florida, in order to personally care for Al Katz.   Since leaving Indianapolis in September 2009, Dr. Beverly Newman has never returned to Indianapolis or left the State of Florida, due to her life-threatening medical disabilities. Upon arriving in Florida, the NEWMANS stayed in Al Katz's Heritage Village West Condominiums Unit 4102.

21.     Upon obtaining Guardianship of the Person of her father in late November 2009, Dr. Beverly Newman removed Al Katz from the nursing home and brought him from the hospital to his Unit 4102, where she and her husband personally cared for him 24 hours per day and nursed him back to health.

22.     During Al Katz's final years from 2002 until 2010, the NEWMANS frequently lived with and personally cared for Al Katz in his Heritage Village West Condominiums Unit 4102, spending over $8,000.00 of their personal funds in providing food, clothing, pharmaceuticals, and hygiene products for him, which funds were never reimbursed, until he passed away on July 11, 2010.  The NEWMANS thereafter stayed in Al Katz's Unit 4102 through the present.

23.     Beginning in 2008, HVW and/or later Defendants MARTIN and PARKER discriminated against Al Katz and later the NEWMANS based upon their Jewish religion.

24.     Beginning in or about 2010, HVW and/or later Defendants MARTIN and PARKER discriminated against Dr. Beverly Newman based upon her disabilities, and HVW discriminated against Lawrence Newman based upon his associational rights with Dr. Beverly Newman, as a disabled individual.

25.     HVW retaliated against the NEWMANS for their report concerning HVW to the Bradenton Police Department in 2016 and HVW, MARTIN and PARKER retaliated against the NEWMANS for their multiple reports concerning toxic chemical applications at Heritage Village West Condominiums to the Florida Department of Agriculture and Consumer

Services ("FDACS") relative to pesticide applications at HVW in violation of federal and state pesticide laws.

26. HVW, MARTIN, and PARKER treated the NEWMANS disparately from other residents at Heritage Village West Condominiums because of the NEWMANS' Jewish religion and disabilities.

27. Examples of the discrimination against, retaliation against, and disparate treatment of the NEWMANS committed by HVW, MARTIN, and/or PARKER include, inter *alia*:

     a. repeated vandalism outside of Unit 4102 and/or of the NEWMANS' personal property on or near Jewish holidays, especially Passover;

     b. vandalism and theft of the NEWMANS' personal property on April 29-30, 2019, just after the Jewish holiday of Passover, when many Jews were shot during Passover services in a synagogue, and refusal for almost two (2) years to clean up the vandalized property strewn all over the grounds of Unit 4102;

     c. refusing to inform the NEWMANS of specifically where, when, or if pesticide applications have been made at Heritage Village West Condominiums in violation of their rights to "reasonable accommodations" and of their rights under Fla. Stat. § 482.2267;

d.      permitting/authorizing pesticide applicators not to post signs regarding pesticide applications at Heritage Village West Condominiums, which sign posting is required by Fla. Stat. § 482.2265;

e.      repeatedly causing to have litigation documents served upon the NEWMANS on or near Jewish Holy Days to harass the NEWMANS, specifically, Rosh HaShonah, Yom Kippur, and other Jewish Holy Days;

f.      causing/permitting/authorizing a retaliatory eviction lawsuit, pursuant to Florida's rent diversion statute, Fla. Stat. § 718.116(11), to be filed against the NEWMANS based upon non-payment of purported "rent" from the Newmans to Al Katz, and then to HVW, after HVW had been informed by the NEWMANS that they never had paid rent for staying in Unit 4102, such that there was no "rent" to divert from Al Katz to HVW.

g.      forcing Dr. Newman to prove again and again that she is chemically-disabled despite her inclusion in the Florida "Registry of Persons Requiring Prior Notification of the Application of Pesticides" for the chemically-disabled and the expert medical opinions of multiple physicians;

h.      harassing and intimidating Dr. Beverly Newman's out-of-state physicians in Ohio and New Mexico by serving Manatee County, Florida, court subpoenas upon them and threatening them with contempt of

court, although said out-of-state physicians were outside of the Manatee County court's jurisdiction;

       i.     harassing Dr. Beverly Newman by demanding for her physicians to release all of her HIPAA-protected medical records to HVW, including all gynecological medial examinations.

       j.     refusing to provide notices to or otherwise communicate with the NEWMANS, in disparate treatment compared to other residents at Heritage Village West Condominiums, regarding, *inter alia*, boil-water health notices, replacement mailbox keys, approaching hurricanes instructions, and safety alerts about crimes committed at or near Heritage Village West Condominiums;

       k.     making false accusations against the NEWMANS to other residents at Heritage Village West Condominiums, including, *inter alia,* that the NEWMANS were responsible for HVW failing to paint a resident's condominium;

       l.     publicly labeling the NEWMANS as being "freeloaders" for not paying monthly condominium assessments, although the NEWMANS, as non-owners, have no legal responsibility to pay said assessments and although the NEWMANS have offered multiple times **in**

**writing** to voluntarily pay said assessments, which offers have been rejected or ignored by HVW, MARTIN, and/or PARKER;

m.   eliminating the NEWMANS from the Neighborhood Watch and its meetings and otherwise ostracizing the NEWMANS at Heritage Village West Condominiums;

n.   refusing to provide the NEWMANS with communications sent to other residents at Heritage Village West Condominiums;

o.   refusing to permit lawn crews to clean the debris in the parking lot at Unit 4102 for months at a time, when other parking lots and spots at Heritage Village West Condominiums are routinely weekly cleaned by said lawn crews, creating a prolonged health and safety hazard to the NEWMANS and to the public at large;

p.   never renouncing or denouncing the repeated acts of anti-Semitism at Heritage Village West Condominiums over the course of a decade,  including threats to the NEWMANS and denigration of them as the children of a Holocaust Survivor;

q.   never offering help to the NEWMANS to clean up the repeated vandalism at Unit 4102;

r.      promoting an outspoken anti-Semite to serve as an Officer on HVW's Board, which Officer praised Hitler as "a great man" and which Officer vowed to "drive out" the Jews from Heritage Village West Condominiums;

s.      creating a pervasive climate conducive to classic anti-Semitic accusations against the NEWMANS and criminal acts against the NEWMANS;

t.      causing the NEWMANS to suffer days of confinement without air conditioning in Unit 4102 during which the heat advisory temperature was 110 degrees and the indoor temperature was 94 degrees, causing life-threatening risks to the NEWMANS;

u.      causing the NEWMANS to suffer loss of normal exercise while in days of confinement without air conditioning;

v.      causing Dr. Beverly Newman to suffer numerous asthmatic attacks due to toxic chemical applications at Heritage Village West Condominiums;

w.      causing the NEWMANS to suffer, *inter alia*, severe sleep deprivation, emotional distress, pitting edema, arrhythmia, loss of work time, loss of personal reputations, loss of professional reputations, and stress on bodily organs/systems;

x.      intentionally scheduling Board meetings on the Jewish Sabbath, precluding attendance by the NEWMANS.

## CLAIMS UNDER THE FEDERAL FAIR HOUSING ACT

## COUNT I: VIOLATION OF 42 U.S.C. § 3604

28.      Plaintiffs incorporate, reassert and reallege the allegations set forth in Paragraphs 9-27 above as if fully set forth herein.

29.      The NEWMANS had a right, at all relevant times, to the use and enjoyment of their dwelling as described herein.

30.      The NEWMANS had a right, at all relevant times, not to be discriminated against on the bases of their Jewish faith and/or disabilities in the provisions of services and facilities to their dwelling by the Defendant.

31.      All of the actions by the Defendants as alleged herein were part of a habitual pattern of intentional conduct that violated 42 U.S.C. § 3604 and were motivated by the Defendants' animus towards the NEWMANS' religion, heritage, and/or disabilities.

32.      The Defendants' actions herein were malicious and have proximately caused actual damages not only to the NEWMANS but to the public at large, by promoting a direct and insidious form of anti-Semitism and/or disability discrimination, which the federal Fair Housing Act, the

14

Florida Fair Housing Act, the Manatee County Code of Ordinances, and other laws were enacted to ameliorate.

33.    At all relevant times, the Defendants have engaged in a habitual pattern of harassment directed against the NEWMANS, which amounts to threatening, intimidating, or interfering within the meaning of 42 U.S.C. § 3617 and its associated regulations.

34.    Under the federal Fair Housing Act, HVW had an obligation to provide "reasonable accommodations" to Dr. Beverly Newman due to her disabilities of asthma, severe allergies, and chemical sensitivities, as such accommodations were necessary for Dr. Beverly Newman to use and enjoy her residence at Unit 4102 at Heritage Village West Condominiums.

35.    Under the federal Fair Housing Act, HVW had an obligation to provide "reasonable accommodations" to Lawrence Newman due to his disability associational rights relative to his association with his wife, Beverly Newman, a disabled person, as such accommodations were necessary for Dr. Beverly Newman to use and enjoy her residence at Unit 4102 at Heritage Village West Condominiums.

36.    HVW failed and refused to provide reasonable accommodations to the NEWMANS for Dr. Newman's disabilities.

37.    Both to compensate the NEWMANS for their damages, to penalize the Defendants for their conduct, and to prevent such conduct from recurring, Plaintiffs request imposition against the Defendants all penalties that are available under the federal Fair Housing Act, the Florida Fair Housing Act, and the Ordinance, including injunctive relief, penalties, fines, compensatory damages, punitive damages and attorney's fees and costs, as well as all relief authorized pursuant to §§ 760.34 and 760.35,  Fla. Stat., the Florida Fair Housing Act, and the Ordinance.

## COUNT II: VIOLATION OF 42 U.S.C. § 3617

38.    Plaintiffs incorporate, reassert and reallege the allegations set forth in Paragraphs 9-27 above as if fully set forth herein.

39.    The NEWMANS had a right, at all relevant times, to the use and enjoyment of the dwelling as described herein

40.    The NEWMANS had a right, at all relevant times, not to be discriminated against on the basis of their Jewish faith and/or on the basis of disabilities in the provisions of services and facilities to the dwelling by the Defendants.

41.    All of the actions by Defendants as alleged herein were part of a habitual pattern of intentional conduct that violated 42 U.S.C. § 3617 and

were motivated by Defendants' animus towards the NEWMANS' religion, heritage, and/or disabilities.

42.   Defendants' actions herein were malicious and have proximately caused actual damages not only to the NEWMANS but to the public at large, by promoting a direct and insidious form of anti-Semitism and by promoting a direct and insidious form of disability discrimination, all of which the federal Fair Housing Act, the Florida Fair Housing Act, the Ordinance and other laws were enacted to ameliorate.

43.   At all relevant times, Defendants have engaged in a habitual pattern of harassment directed against the NEWMANS, which amounts to threatening, intimidating or interfering within the meaning of 42 U.S.C. § 3617 and its associated regulations.

44.   Both to compensate the NEWMANS for their damages, to penalize Defendants for their conduct, and to prevent such conduct from recurring, Plaintiffs request imposition against Defendants all penalties that are available under the federal Fair Housing Act, the Florida Fair Housing Act, and the Ordinance, including injunctive relief, penalties, fines, compensatory damages, punitive damages, and attorney's fees and costs, as well as all relief authorized pursuant to §§ 760.34 and 760.35, Fla. Stats, and the Ordinance.

## COUNT III: CONSPIRACY TO VIOLATE 42 U.S.C. § 3604

45.   Plaintiffs incorporate, reassert, and reallege by reference the allegations set forth in Paragraphs 9-27 above as if fully set forth herein.

46.   All of the Defendants committed the acts attributed to them and willfully became members of a conspiracy to accomplish those objectives, specifically to engage in a pattern of harassment against the NEWMANS by threatening, intimidating, or interfering with the NEWMANS' federal Fair Housing Act rights.

47 .   The conspiracy is continuing and Defendants have at all times acted in concert with the intent to force the NEWMANS to move out of their residence at Unit 4102 at Heritage Village West Condominiums.

48.   Both to compensate the NEWMANS for their damages, to penalize the Defendants for their conduct, and to prevent such conduct from recurring, Plaintiffs request imposition against the Defendants all penalties that are available under the federal Fair Housing Act, the Florida Fair Housing Act, and the Ordinance, including injunctive relief. penalties, fines, compensatory damages, punitive damages, and attorney's fees and costs, as well as all relief authorized pursuant to §§ 760.34 and 760.35, Fla. Stats., and the Ordinance.

## COUNT IV: CONSPIRACY TO VIOLATE 42 U.S.C. § 3617

49.     Plaintiffs incorporate, reassert, and reallege by reference the allegations set forth in Paragraphs 9-27 above as if fully set forth herein.

50.     All of the Defendants committed the acts attributed to them and willfully became members of a conspiracy to accomplish those objectives, specifically to engage in a habitual pattern of harassment against the NEWMANS by threatening, intimidating, or interfering with the NEWMANS' federal Fair Housing Act rights.

51.     The conspiracy is continuing and Defendants have at all times acted in concert with the intent to force the NEWMANS to move out of their residence at Unit 4102 at Heritage Village West Condominiums.

52.     Both to compensate the NEWMANS for their damages, to penalize Defendants for their conduct, and to prevent such conduct from recurring, Plaintiff requests imposition against Defendants all penalties that are available under the federal Fair Housing Act, the Florida Fair Housing Act, and the Ordinance, including injunctive relief, penalties, fines, compensatory damages, punitive damages and attorney's fees and costs, as well as all relief authorized pursuant to §§ 760.34 and 760.35, Fla. Stats., and the Ordinance.

## COUNT V: RETALIATION PROHIBITED BY 42 U.S.C. §§ 3604 and 3617

53.     Plaintiffs incorporate, reassert and reallege by reference the allegations set forth in Paragraphs 9-27 above as if fully set forth herein.

54.     After the NEWMANS publicly filed complaints with FDACS and the Bradenton Police about the Defendants' harassing conduct, Defendants, acting in concert with each other, engaged in intentional and invidious acts of retaliation against the NEWMANS, affecting the NEWMANS' property rights, in violation of 42 U.S.C. §§ 3604 and 3617.

55.     These acts of retaliation included, but were not limited to, the acts set forth in Paragraph 27 above.

56.     Both to compensate the the NEWMANS for their damages, to penalize Defendants for their conduct, and to prevent such conduct from recurring, Plaintiffs request imposition against the Defendants all penalties that are available under the federal Fair Housing Act, the Florida Fair Housing Act, and the Ordinance, including injunctive relief, penalties, fines, compensatory damages, punitive damages, and attorney's fees and costs, as well as all relief authorized pursuant to §§ 760.34 and 760.35, Fla. Stats., and the Ordinance.

## PENDANT STATE AND LOCAL CLAIMS

## COUNT VI: VIOLATIONS OF FLA. STAT. §§760.20 - 760.37

57.     Plaintiffs incorporate, reassert and reallege by reference the allegations set forth in Paragraphs 9-27 above as if fully set forth herein.

58.     All of the actions by Defendants were made with the intent of depriving the NEWMANS of their rights as residents and interfering with the use and enjoyment of their residence and with the intent to force the NEWMANS to move out of Unit 4102 at Heritage Village West Condominiums.

59.     All of the actions by Defendants as alleged herein were part of a habitual pattern of intentional conduct that violated §§760.20 - 760.37, Fla. Stats., and were motivated by Defendants' animus towards the NEWMANS' religion, heritage, and disabilities.

60.     Defendants' actions herein were malicious and have proximately caused actual damages not only to the NEWMANS but to the public at large, by promoting direct and insidious forms of anti-Semitism and of disability discrimination, which the Florida Fair Housing Act, the Ordinance and other laws were enacted to ameliorate.

61.     The NEWMANS had a right, at all relevant times, to the use and enjoyment of their residence as described herein.

62.     The NEWMANS had a right, at all relevant times, not to be discriminated against on the basis of their Jewish faith or on the basis of disabilities in the provisions of services and facilities to their residence by the Defendants.

63.     At all relevant times, Defendants have engaged in a pattern of harassment directed against the NEWMANS, which amounts to threatening, intimidating or interfering within the meaning and intent of Fla. Stat. §§ 760.20 - 760.37, Fla. Stats.

64.     Both to compensate the NEWMANS for their damages, to penalize Defendants for their conduct, and to prevent such conduct from recurring, Plaintiffs request imposition against Defendants all penalties that are available under the Florida Fair Housing Act and the Ordinance, including injunctive relief, penalties, fines, compensatory damages, punitive damages and attorney's fees and costs, as well as all relief authorized pursuant to § 760.34 and 760.35, Fla. Stats., and the Ordinance.

## COUNT VII: CLAIMS UNDER THE MANATEE COUNTY CODE OF ORDINANCES, CHAPTER 2-17, HOUSING

65.     Plaintiffs incorporate, reassert and reallege by reference the allegations set forth in Paragraphs 9-27 above as if fully set forth herein.

66.    Plaintiffs Lawrence Newman and Beverly Newman are each an "aggrieved person" within the meaning of Manatee County Code of Ordinances Section 2-17-43(i).

67.    Plaintiffs Lawrence Newman and Beverly Newman each live in a "dwelling" within the meaning of Manatee County Code of Ordinances Section 2-17-43(g).

68.    Plaintiff Beverly Newman suffers from a "handicap" within the meaning of Manatee County Code of Ordinances Section 2-17-43(m).

69.    Defendant HVW is a "person" within the meaning of Manatee County Code of Ordinances Section 2-17-43(h).

70.    HVW discriminated against Lawrence Newman and Beverly Newman in the provisions of services because of their religion in violation of Manatee County Code of Ordinances Section 2-17-48(b).

71.    HVW discriminated against Beverly Newman in the provisions of services because of handicap in violation of Manatee County Code of Ordinances Section 2-17-48(b), and HVW discriminated against Lawrence Newman because of his association with a handicapped person, Dr. Beverly Newman.

72.     HVW intimidated and interfered with Lawrence Newman and Beverly Newman on account of their having exercised their rights granted under Article III, Chapter 2-17, of the Manatee County Code of Ordinances.

## DEMAND FOR JURY TRIAL AS TO ALL COUNTS

73.     Pursuant to the federal Fair Housing Act, §§760.34-760.35, Fla. Stats., and the Manatee County Code of Ordinances, Plaintiffs demand a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that, in addition to issues of damages submitted to the jury for a verdict, this Honorable Court will:

A.     Enter a preliminary, temporary and permanent injunction against all Defendants to enjoin the Defendants from engaging in discriminatory conduct based on the religion or religious heritage or disabilities of any resident either now or in the future;

B.     Order the Defendants to pay compensatory damages to the NEWMANS for violations of the federal Fair Housing Act, the Florida Fair Housing Act and the Ordinance;

C.     Order the Defendants to pay punitive damages for their egregious and maliciously-motivated acts of discrimination as described herein;

D.      Order the Defendants to pay Plaintiffs' attorneys' fees and costs in this action;

E.      Order the Defendants to pay a fine of between S10,000 and $50,000, depending on whether Defendants have committed any prior violations of the Fair Housing Act, in accordance with § 760.34, Florida Statutes;

F.      Grant any other relief permitted pursuant to the federal Fair Housing Act, §§ 760.34 and 760.35, Fla. Stats., and the Manatee County Code of Ordinances.

Respectfully submitted,

*/s/Lawrence T. Newman*
Lawrence T. Newman, *Pro Se*
4102 66th Street Circle West
Bradenton, FL  34209
(317) 397-5258

*/s/Beverly R. Newman*
Beverly R. Newman, Ed.D., *Pro Se*
4102 66th Street Circle West
Bradenton, FL  34209
(317) 397-5258